# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ROY LEE RUSSELL
REG. #21767-009                                                                    PETITIONER

VS.                              2:10CV00104 JMM/JTR

T.C. OUTLAW,
Warden, FCI Forrest City                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room 149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Roy Lee Russell ("Russell"). (Docket entry #1). In his Petition, Russell

attacks the Bureau of Prisons' ("BOP") calculation of his sentence. Before addressing Russell's claim, the Court will review the procedural history underlying his conviction and sentence.

On September 13, 1999, Russell was convicted, in the Eastern District of Arkansas, of perjury and obstruction of justice. *United States v. Russell*, E.D. Ark. No. 4:99CR00054 GH at docket entry #72. On January 19, 1999, United States District Judge George Howard, Jr. sentenced Russell to an aggregate 110-month sentence, to be followed with three years of supervised release. *Id.* at docket entry #112. On December 22, 2006, Russell was released from the BOP, and began his three-year term of supervised release. (Docket entry #11-1 at 5).

On December 18, 2007, Russell was arrested by Arkansas state authorities for possession of cocaine, among other charges. (Docket entry #11-1 at 5). On January 31, 2008, the Government moved to revoke Russell's supervised release, based on the pending state court charges. *United States v. Russell*, E.D. Ark. No. 4:99CR00054 at docket entry #168.

On December 8, 2008, Russell was convicted of the pending state charges in Pulaksi County Circuit Court. He was sentenced to four years in the Arkansas Department of Correction, and remanded to the custody of the ADC to begin serving his sentence. (Docket entry #11-1 at 8).

On December 11, 2008, Russell appeared before United States District Judge James M. Moody for a hearing on the Government's Motion to Revoke, and admitted guilt to the alleged violations. Judge Moody revoked Russell's supervised release, and sentenced him to eighteen months in the BOP, "to run consecutive to [the] sentence imposed in Pulaski County Circuit Court on 12/8/2008." (Docket entry #11-1 at 18). Pursuant to Russell's federal sentence, the United States Marshal lodged a detainer with the ADC. (Docket entry #11-1 at 22).

On June 11, 2009, the ADC wrote a "Detainer Action Letter" to the United States Marshal advising that Russell's release was "tentatively scheduled" for July 23, 2009, but that "we will again notify you approximately 60 days prior to actual release." (Docket entry #11-1 at 22). On July 27, 2009, the Arkansas Department of Community Correction wrote a letter notifying the United States Marshal that it had "approved" Russell's release to the federal detainer. (Docket entry #11-1 at 28).

On August 10, 2009, the Arkansas Board of Parole issued an "Order of Conditional Release," acknowledged by Russell, releasing him to the federal detainer. (Docket entry #11-1 at 30-31). The Order provides that his "Parole/Transfer Date" from the ADC is "08/10/2009." (Docket entry #11-1 at 30). On August 10, 2009, Russell was transferred to the custody of the United States Marshal to begin serving his federal sentence. (Docket entry #11-1 at 8).

On July 23, 2010, Russell filed this § 2241 habeas action (docket entry #2), in which he argues that the BOP has not properly calculated his sentence with eighteen days of credit between July 23 and August 10, 2009. On October 19, 2010, Respondent filed a "Response and Motion to Dismiss," arguing that Russell has failed to state a claim for relief. (Docket entry #11).

For the reasons explained below, the Court concludes that Russell's claim is without merit, and recommends that his Petition be denied.

## II. Discussion

First, it appears that Russell's claim is moot. According to the BOP's website, he was released from the BOP on November 8, 2010, less than one month after the issues were joined in this case.[1]

In any event, even if the Court were to assume that Russell's claim is not moot, it is meritless on its face. His theory for jail credit is premised on the June 11, 2009 ADC "Detainer Action Letter" that listed July 23, 2009, as his *tentative* release date from the ADC. However, Russell was not *actually* paroled and released from the ADC until August 10, 2009.

Russell goes on to make the speculative and unsupported assertion that the reason he was not released from the ADC on July 23, 2009 was because of his federal

---

[1] http://www.bop.gov/iloc2/LocateInmate.jsp.

detainer. Even if his federal detainer was the reason the ADC did not release him on July 23, 2009, he would still not be entitled to federal sentence credit for the eighteen-day time period between July 23 and August 10, 2009. It is undisputed that this time was credited by the ADC *to his state sentence*. (Docket entry #11-1 at 33). Importantly, 18 U.S.C. § 3585(b) prohibits "double counting," *i.e.* custody credits toward time on a sentence that has already been credited to another sentence. *See also Myers v. Outlaw*, 2011 WL 873343, *4 (E.D. Ark. Feb. 3, 2011) ("Even if, as Petitioner argues, he can show he was denied parole, bond or suspension of his state sentence due to a federal detainer, § 3585(b) still precludes him from receiving double credit for the time he spent in custody.") (citing cases). Thus, Russell's challenge to the BOP's calculation of his sentence is meritless.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (docket entry #2) be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE.

Dated this 12th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE